J. D. GRAHAM AND OTHERS, *Appellants,* v. CONSOLIDATED NAVAL STORES COMPANY, A CORPORATION, *Appellee.*

1. Where the mortgage given to secure advances to be made to operators to enable them to produce naval stores apparently covers present leasehold lands and the crops to be thereafter produced thereon, and there is immediate necessity for the preservation of the property, a receivership may be proper, even though upon full hearing a different construction be possible.

2. A restraining order will not be reversed because it embraces naval stores not covered by the mortgage, the subject matter of the suit, but in fact embraced in a similar suit before the same chancellor then pending in another county between the same parties.

This case was decided by Division A.

Appeal from the Circuit Court for Citrus county.

The facts in the case are stated in the opinion of the court.

*William Hocker* and *R. McConathy,* for Appellants;

*E. J. L'Engle* and *George Powell,* for Appellee.

COCKRELL, J.—This is an appeal from several interlocutory orders appointing a receiver and temporary orders incident thereto, in the enforcement of a mortgage lien, given in part to secure advancements to enable

the mortgagors to carry on the business of producing naval stores and other products.

The mortgage purports to convey *inter alia* certain leasehold interests in Citrus county "Together with all and singular the improvements, buildings, rights, members, appurtenances, hereditaments, easements and privileges to the same or any of them in anywise appertaining or belonging, and all the estate, right, title, interest, claim, demand, property and possession of the mortgagors and each of them, of, in and to the same and every part and parcel thereof, and any and all lands and estates or interests therein, equitable and legal, situate in said county which shall hereafter be purchased, acquired or leased by the mortgagors, or any of them, whether by deed, contract, lease or otherwise, for the purpose of producing, farming or manufacturing naval stores, and also all of their interest in the growing pine timber, the boxes cut thereon, or hereafter to be cut thereon, with all the crude gum and scrape, and all the rosin and spirits of turpentine, whether in process of manufacture or ready for shipment, that may accrue or be prepared or manufactured upon said above described land, or on any other lands now or hereafter owned or controlled by mortgagors jointly and severally."

The specific plaint here has reference to rosin manufactured upon the described lands subsequent to the execution of the instrument. The mortgagors are R. J. Knight and J. G. Rhodes, but the latter's interest was transferrer to J. D. Graham, who had not only the constructive notice given by the recording acts, but for the purpose of this appeal we must hold had actual notice of the mortgagee's claim.

Little stress is laid against the appointment of the receiver. The mortgage itself made provision for such appointment and the bill of complaint makes out a

strong case for a receivership, had the contract of the parties been silent thereon.

It is strenuously urged that a proper construction of the mortgage instrument confines the future products to the after acquired land, so that it does not embrace the rosin and turpentine thereafter to be produced upon the leaseholds then held. Such construction would destroy in a large measure the obvious intent of the parties which is to secure the crops to be produced through the aid of the advancements to be made. We need not however preclude entirely the construction that may hereafter be reached upon full consideration. The bill of complaint has not been fully passed upon, no order having as yet been made upon the demurrer interposed thereto; but we are satisfied that for the purposes only of maintaining a *status quo* and preventing the destruction of the corpus of the property pending litigation, the court was justified in yielding any doubt it might entertain, to the importance and necessity of conserving the plant as a going concern, which could only be accomplished through a receivership.

These remarks apply to other criticisms of the mortgage.

The only other point we deem it essential to notice is, that the injunction covered some naval stores not produced upon the lands mentioned in the mortgage but upon lands in Marion county. There was some irregularity in bringing on the motion to modify the injunction in this respect, but as it appears from the affidavit of J. D. Graham filed upon the application to dissolve the injunction that there was a similar suit before the same chancellor involving the Marion county lands we do not consider the temporary order so extensive as to call for reversal.

Upon full hearing both of the law and the facts as

they may be developed in regular course, the equities may be changed; but for the present we can find nothing to authorize us to interfere in the discretion so frequently adjudged by us, to be reposed in the Circuit Courts in these matters.

The orders appealed from are affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR and PARKHILL, JJ., concur in the opinion.

HOCKER, J., disqualified.